**COURT OF APPEALS**
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


**NO. 2-07-155-CV**

IN RE RUSSELL JAY REGER

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In one issue, inmates Russell Reger (Appellant) and Randal Caraway (Intervenor), who were tried for murder in 1996, assert that Judge Jeff Walker abused his discretion "by failing to first address the prima facie contention of his conflict of interest and disqualifications in this case before issuing his illegal null and void order of dismissal, dated April 25, 2007."

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Background

This litigation began when Reger filed a rule 202 petition to take the depositions of the Honorable Clyde Ashworth and Ouida Stevens concerning his allegation that the Honorable James K. Walker, a retired judge who presided at his murder trial, did not properly preside because of his failure to timely take a particular oath. Caraway filed a motion to intervene in the suit, noting that, with regard to his intervention, "This Action Is Not a Suit" concerning a similar allegation that the Honorable Bill Burdock also did not properly preside over his trial.[2]

Judge Jeff Walker signed an order of dismissal in this litigation on April 25, 2007, in accordance with section 14.003 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2008). Reger subsequently filed "Petitioner Reger's Motion to Disqualify/Recuse Judge Jeff Walker." A hearing was held on this recusal motion by another district court judge, with Reger and Caraway appearing by phone, and the motion was denied June 29, 2007. Motions for new trial, motions for leave to file mandamus, and

---

[2] This court has previously disposed of Caraway's attempt to take Judge Burdock's deposition. *See In re Caraway*, No. 02-05-00359-CV, 2007 WL 1879768, at *6-7 (Tex. App.—Fort Worth June 28, 2007, orig. proceeding) (mem. op.).

2

objections to the denial of the recusal/disqualification motion were also filed, along with this appeal.

### III. Analysis

Reger and Caraway initially complained that Reger had instructed the district clerk in a letter not to file the rule 202 petition in Judge Jeff Walker's court because he had previously recused himself during Caraway's rule 202 petition case. There is no provision by statute or rule that would allow a litigant to tell the district clerk in which court a suit may not be filed.[3] Further, cases are assigned to courts in Tarrant County at random by computer generated selection, not by the whim of the district clerk.

Section 14.003(a) of the civil practice and remedies code allows a court to dismiss an inmate's claim even before service of process if the court determines that the claim is frivolous and malicious, which the trial court found in this case. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). That issue, however, is not before us. Rather, according to Reger and Caraway, the issue is whether Judge Jeff Walker failed to disqualify or recuse himself.[4]

---

[3] Nor is there any that would allow a litigant to tell the district clerk in which court to file a lawsuit.

[4] Or, at least, that is what we deduce from the wording in their issue and brief.

Because the motion to recuse/disqualify Judge Jeff Walker was not filed until after he had dismissed Reger and Caraway's case, he appropriately considered the matter pending in his court without recusing or disqualifying himself. *See* TEX. R. CIV. P. 18a(c). The later-filed motion to recuse/disqualify was heard by a different judge, who denied it.

The grounds for disqualification are found in Article V, Section 2 of the Texas Constitution and in Rule 18b(1) of the Texas Rules of Civil Procedure. *See* TEX. CONST. art. V, § 2; TEX. R. CIV. P. 18b(1). There was no evidence before the court that any of these disqualification grounds were applicable. The grounds for recusal are found exclusively in Rule 18b(2) of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 18b(2). Having reviewed the "Motion to Disqualify/Recuse Judge Jeff Walker" and the transcript of the motion hearing, we hold that the court did not err in denying the motion. We would also observe that, just because a trial judge voluntarily recuses himself in one case,[5] this does not necessarily require his recusal in another case that may or may

---

[5] In their appellate brief, Reger and Caraway quote the following from Judge Jeff Walker's letter of recusal in Caraway's previous case: "[S]olely based on your pleading that 'Judge Jeff Walker should be recused because there is a propensity (sic) that he may become a party to the potential claim or suit.' I am going to voluntarily step aside and assign another judge to hear this matter."

not appear to be identical, and that may or may not have, upon examination, identical reasons articulated with regard to the issue of recusal.[6]

Reger and Caraway also complain that they did not find out in time that their prohibited and ineffective directive to the district clerk had, of course, not been followed, and were unable to file their Motion to Recuse/Disqualify before the court dismissed their case.  This argument is without merit because it is mooted by the fact that their motion was heard by a different judge and properly denied.

### IV.  Conclusion

Having overruled Reger and Caraway's single issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL B:   GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 8, 2008

---

[6] We refer to this as the "Grapefruit Rule."  Grapefruit look alike on the outside, but when you open them up, one can be pink and one can be yellow.  Thus, you cannot tell what you have in a grapefruit color until you examine the individual grapefruit's inside.